In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-520 CV


____________________



RONALD KOKES, Appellant



V.



ANGELINA COLLEGE, Appellee






On Appeal from the 159th Judicial District Court


Angelina County, Texas


Trial Court Cause No. 34265-01-06






OPINION ON MOTION FOR REHEARING


 On motion for rehearing, Angelina states Dickens died on August 11, 2003, more
than a year after he gave his deposition testimony. Angelina says the cases cited by this
Court on witness competency "almost all involved situations where the trial court had an
opportunity to observe the witness." Angelina argues "[b]ecause Dickens is dead, the trial
court will not have the opportunity to observe him with an eye toward his ability to
perceive, recall, and relate events." 


 The record includes clear deposition testimony from Dickens and a judicial finding
by the probate court that Dickens retained capacity to make testamentary dispositions and
to vote, despite that court's review of the medical records. The trial court must determine
whether, at the time the events occurred, the witness was capable of intelligently
perceiving the events, and whether at the time the witness was called to testify -- here, at
the time Dickens gave his deposition testimony -- the witness possessed the ability to recall
the events and narrate adequately that recollection. The issue of witness competency was
not presented to the trial court at the time Dickens testified by deposition -- although the
partial deposition transcript indicates Angelina had the medical report at that time -- and
the trial court therefore did not have the opportunity to observe him. On remand the trial
court may consider additional evidence to clarify the records and the issue of Dickens'
competency as a witness at the relevant times. 

 Angelina says the best evidence of Dickens' competency at his deposition would be
"the medical findings, judicial findings, and the deposition testimony in the record." (1) The
records will be helpful to the trial court. However, additional information, such as
clarification from the reporting expert who examined and treated Dickens, Dickens'
colleagues' observations, (2) or other reliable information presumably will be available to
clarify the issue of Dickens' competency as a witness. 

 Angelina argues the trial court correctly granted summary judgment even if
Dickens' testimony is considered. In its motion for rehearing, Angelina says this Court
"concluded that the 'sole issue' arising out of the [McDonnell Douglas] procedural
framework here is whether there is any evidence Angelina's legitimate articulated reasons
for its employment decision 'were a pretext for discrimination based on race, sex, or
age.'" Angelina takes a partial quote out of context. The partial quotation of our opinion
is from a paragraph referring to Angelina's motion for summary judgment. The "sole
issue" presented in the motion for summary judgment was whether there is evidence
Angelina's stated reasons were pretextual. However, we stated the sole issue as the
Supreme Court did in Raytheon Co. v. Hernandez, 540 U.S. 44, 124 S.Ct. 513, 157
L.Ed.3 357 (2003). If the employer meets its burden of production, the only relevant
question is whether the plaintiff presented sufficient evidence the employer made its
decision based on race, gender, or age despite the employer's proffered explanation. Id.,
540 U.S. at 53. 

 Angelina also argues this Court misapplied the law of stray remarks by holding
Dickens' testimony raised a fact issue precluding summary judgment. We conclude the
testimony was direct evidence, not mere stray remarks. 

 The motion for rehearing is overruled.

 PER CURIAM

 

Submitted on April 20, 2004

Opinion Delivered November 18, 2004 


Before McKeithen, C.J., Burgess and Gaultney, JJ. 
1. The record contains only brief excerpts from Dickens' deposition. Dickens'
complete deposition may provide additional evidence for the trial court to review on
remand.
2. Dickens remained the Director of Angelina's Liberal Arts Division until December
of 2000.